**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ANA WASHBURN** and
**DAVID WASHBURN**,

      Plaintiffs,

  vs.                                No. **CIV 04-807 MCA/RHS**

**ARMANDO BELTRAN** d/b/a Santa Fe Tow,
a sole proprietorship, **SANTA FE TOW**,
**MVD SPECIALISTS, INC.,** individually and as
agent for the State of New Mexico,
**DOUG WOOD**, individually and as Special Agent
for the State of New Mexico,
**NEW MEXICO MOTOR VEHICLE
DEPARTMENT**, and the
**STATE OF NEW MEXICO**.

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions: (1) *Defendant MVD Specialists, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) for Failure to Join Household Bank and Motion to Dismiss Ana Washburn as a Party Pursuant to Fed. R. Civ. P. 17(a) or, in the Alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)* [Doc. No. 3] filed on July 22, 2004; (2) the *Motion to Dismiss Defendant Doug Wood Based on Qualified Immunity* [Doc. No. 4] filed on July 23, 2004; (3) the *Motion to Dismiss the State Defendants* [Doc. No. 6] filed on July 23, 2004; (4) Plaintiffs' *Motion for Default Judgment - Armando Beltran and Santa Fe Tow* [Doc. No. 11] filed on August 6, 2004; (5) Plaintiffs' *Motion for Summary Remand Per 28*

*U.S.C. § 1441(b)(2/4) and for Determination of Damages* [Doc. No. 30] filed on August 26, 2004; (6) *Defendants' Joint Motion for Order Requiring Plaintiffs' Counsel, Dennis Banning, to Affirmatively Represent Plaintiffs, Motion to Strike Pleadings filed by Pro Se Plaintiffs, Motion for Extension of Time to Respond to Pending Pleadings filed by Pro Se Plaintiffs, and Motion for Additional Time to Comply with Court's Scheduling Order Until the Court Rules on These Motions* [Doc. No. 34] filed on September 1, 2004;  and (7) Plaintiff's *Motion for Order by Court of Dismissal of Actions with Independent Adjudication of Praecipe Default of Armando Beltran and Santa Fe Tow* [Doc. No. 45] filed on October 1, 2004.  Having reviewed the pleadings, memoranda, and exhibits of record, the relevant law, and otherwise being fully advised in the premises, the Court grants the motions to dismiss Plaintiffs' claims against Defendants Doug Wood, New Mexico Motor Vehicle Division, and the State of New Mexico [Doc. No. 4, 6] for the reasons set forth below.  In addition, the Court finds good cause for denying Plaintiffs' motion for a default judgment [Doc. No. 11], denying Plaintiffs' motion for summary remand [Doc. No. 30], denying as moot Defendants' joint motion regarding withdrawal of Plaintiffs' counsel [Doc. No. 34], and denying without prejudice the motion filed by Defendant MVD Specialists, Inc. [Doc. No. 3].  The Court defers ruling on Plaintiff's most recent motion [Doc. No. 45] and will allow Plaintiffs to file and serve an amended complaint by no later than Monday, November 29, 2004, that is consistent with the rulings set forth in this *Memorandum Opinion and Order*.  In the event that an amended complaint is not filed and

served on opposing counsel by that date, this action will be dismissed without prejudice as to Defendants Armando Beltran, Santa Fe Tow, and MVD Specialists, Inc.

## I.   BACKGROUND

On June 16, 2004, Plaintiffs filed a civil action against Defendants in the Second Judicial District Court for the County of Bernalillo, State of New Mexico. On July 16, 2004, Defendants removed this action to the United States District Court for the District of New Mexico on the grounds that Count VII of Plaintiffs' *Complaint* asserts a federal question under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. [Doc. No. 1.]

The gist of Plaintiffs' *Complaint* is that Defendants Armando Beltran, Santa Fe Tow, and MVD Specialists, Inc. unlawfully transferred title to Plaintiffs' motorcycle after Plaintiff David Washburn was involved in a traffic accident near the intersection of Menaul and Adams streets in Albuquerque, New Mexico, on or about September 24, 2002. Plaintiffs also claim that Defendants Doug Wood, New Mexico Motor Vehicle Division, and the State of New Mexico did not adequately respond to their complaints about the transfer of title to the motorcycle. As a result of Defendants' acts or omissions, Plaintiffs claim that their constitutional rights to procedural due process and freedom from unreasonable seizures were violated. They also seek to recover damages for the allegedly wrongful transfer of title to the motorcycle under theories of negligence, fraud, conspiracy, and violation of the Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 to 57-12-24 (Michie 2004).

## II.     ANALYSIS

### A.     Withdrawal of Plaintiff's Counsel

Following a hearing on the *Motion to Withdraw* [Doc. No. 8], Magistrate Judge Scott entered an *Order* [Doc. No. 44] allowing Plaintiff's counsel, Dennis Banning, to withdraw. As a result of this ruling, Plaintiffs now appear *pro se* in this matter.

Defendants have filed a motion to strike Plaintiffs' *pro se* filings, allow additional time to respond to those filings, and require Plaintiffs' counsel to continue to represent them. While the Court understands that Defendants may have needed additional time to respond to Plaintiffs' *pro se* filings while the *Motion to Withdraw* was pending, that motion has now been resolved by Judge Scott. Accordingly, *Defendants' Joint Motion for Order Requiring Plaintiffs' Counsel, Dennis Banning, to Affirmatively Represent Plaintiffs, Motion to Strike Pleadings filed by Pro Se Plaintiffs, Motion for Extension of Time to Respond to Pending Pleadings filed by Pro Se Plaintiffs, and Motion for Additional Time to Comply with Court's Scheduling Order Until the Court Rules on These Motions* [Doc. No. 34] is denied as moot. Defendants' responses to the pending pleadings filed by Plaintiffs are accepted as timely filed.

### B.     Plaintiffs' Motion for Default Judgment

Plaintiffs have moved for a default judgment against Defendants Armando Beltran and Santa Fe Tow. Default judgments are disfavored in light of the Court's "strong preference for disposition of litigation on the merits." Gulley v. Orr, 905 F.2d 1383, 1386 (10th Cir. 1990). In this case, Plaintiffs have not met the requirements for entry of default or the other

relief requested in their motion. Defendants Armando Beltran and Santa Fe Tow have appeared in this matter, responded to Plaintiffs' motions, and answered the *Complaint*. [Doc. No. 10, 19, 20, 32, 34, 49.] Accordingly, these Defendants are not in default, and there is no valid basis upon which to enter a default judgment against them or to make a determination of damages at this juncture. Plaintiffs' motion for entry of default against Defendants Armando Beltran and Santa Fe Tow is, therefore, denied.

### C. **Plaintiffs' Motion for Summary Remand**

While the issue of subject-matter jurisdiction may be raised at any time, objections to the removal procedure are waived if not made within thirty (30) days of removal. See 28 U.S.C. § 1447(c); Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1076-77 (10th Cir. 1999). In this case, Plaintiffs did not file a motion to remand until August 26, 2004, which was more than thirty days after the filing of the *Notice of Removal*. [Doc. No. 30.] Therefore, Plaintiffs' objections to the removal procedure are deemed waived, and Plaintiffs' *Motion for Summary Remand Per 28 U.S.C. § 1441(b)(2/4) and for Determination of Damages* [Doc. No. 30] is denied.

With respect to the issue of subject-matter jurisdiction, the Court notes that Count VII of Plaintiffs' *Complaint* alleges a violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution. These allegations present a federal question which supports removal of this action to this Court pursuant to 28 U.S.C. § 1441. Should Count VII of Plaintiffs' *Complaint* be dismissed at a later stage of this litigation, the Court

will revisit the issue of whether remand is appropriate under 28 U.S.C. § 1447 based on a lack of subject-matter jurisdiction.

### D. Motions to Dismiss by Defendant Wood and State Defendants

Defendants Doug Wood, New Mexico Motor Vehicle Division, and the State of New Mexico have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. GFF Corp., 130 F.3d at 1384.

"In addition to the complaint, the . . . [C]ourt may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). Thus, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp., 130 F.3d at 1384. The Court "'may also

take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

In this case, Defendants New Mexico Motor Vehicle Division and the State of New Mexico (collectively "the State Defendants") correctly assert that Plaintiffs' federal civil-rights claims against them must be dismissed as a matter of law because they are not "persons" subject to suit under 42 U.S.C. § 1983. See Mich. Dept. of State Police v. Will, 491 U.S. 58, 66 (1989); McLaughlin v. Bd. of Trs. of State Colls. of Colo., 215 F.3d 1168, 1172 (10th Cir. 2000). Therefore, the *Motion to Dismiss the State Defendants* [Doc. No. 6] is granted with respect to Plaintiffs' federal civil-rights claims against Defendants New Mexico Motor Vehicle Division and the State of New Mexico.

The State Defendants also contend that any tort claims asserted against them in Plaintiffs' *Complaint* are barred by the doctrine of sovereign immunity as set forth in the New Mexico Tort Claims Act (NMTCA), N.M. Stat. Ann. §§ 41-4-1 to 41-4-29 (Michie 2004). Section 41-4-4(A) of the NMTCA grants governmental immunity from liability for any tort to governmental entities and public employees acting within the scope of their duties except as waived by Sections 41-4-5 to 41-4-12 of the NMTCA.

In certain situations, New Mexico courts have recognized that the NMTCA waives sovereign immunity for negligent supervision by state officials that results in the commission of one or more of the torts or civil-rights violations enumerated in Section 41-4-12 of the NMTCA. See Methola v. County of Eddy, 95 N.M. 329, 333, 622 P.2d 234, 237 (1980);

McDermitt v. Corrections Corp. of Am., 112 N.M. 247, 249, 814 P.2d 115, 117 (Ct. App. 1991); Ortiz v. N.M. State Police, 112 N.M. 249, 252, 814 P.2d 117, 120 (Ct. App. 1991). The torts listed in Section 41-4-12 include the violation of property rights and the deprivation of constitutional rights. "when caused by law enforcement officers while acting within the scope of their duties." But the New Mexico Court of Appeals has held that the Director of the New Mexico Taxation and Revenue Department's Motor Vehicle Division is not a "law enforcement officer" within the meaning of Sections 41-4-12 and 41-4-3(D) of the NMTCA. See Dunn v. State ex rel. Taxation and Revenue Dept. Motor Vehicle Div., 116 N.M. 1, 4, 859 P.2d 469, 472 (Ct. App. 1993).

In this case, Plaintiffs' *Complaint* appears to allege that the State Defendants were negligent in their supervision of Defendant Doug Wood at the time he allegedly conducted an investigation and issued a report regarding the transfer of title to the motorcycle at issue in this case. But there are no allegations in Plaintiffs' *Complaint* from which the Court could reasonably infer that Defendant Wood's principal duties were those of a "law enforcement officer" within the meaning of Sections 41-4-3(D) of the NMTCA. It follows that Plaintiffs' negligent supervision claim against the State Defendants is barred by the doctrine of sovereign immunity because such allegations are not causally related to one or more of the torts enumerated in Section 41-4-12 of the NMTCA. The *Motion to Dismiss the State Defendants* [Doc. No. 6] is therefore granted with respect to Plaintiffs' tort claims against Defendants New Mexico Motor Vehicle Division and the State of New Mexico.

The Court next turns to Plaintiffs' claims against Defendant Doug Wood. Insofar as Plaintiffs allege federal civil-rights claims against Defendant Wood in his official capacity, such claims must be dismissed for the same reasons stated above with respect to the State Defendants. See Will, 491 U.S. at 66; McLaughlin, 215 F.3d at 1172.

Insofar as Plaintiffs allege federal civil-rights claims against Defendant Wood in his individual capacity, such claims are subject to the defense of qualified immunity. Persons sued in their individual capacity under 42 U.S.C. § 1983 generally are entitled to qualified immunity unless it is shown that their actions violated a specific federal statutory or constitutional right and that the rights which they allegedly violated were clearly established at the time of the conduct at issue. See Oliver v. Woods, 209 F.3d 1179, 1185 (10th Cir. 2000). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Medina v. City & County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992). But "officials can still be on notice that their conduct violates established law even in novel factual circumstances." Hope v. Pelzer, 536 U.S. 730, 741, 745 (2002); accord Holland v. Harrington, 268 F.3d 1179, 1197 (10th Cir. 2001). The "salient question" is whether the state of the law at the time of the incident gave the defendants "fair warning" that their conduct was unconstitutional. Hope, 536 U.S. at 741.

In this case, the only allegations against Defendant Wood are that he conducted an investigation and generated an official report regarding the transaction at issue, and other

-9-

similar transactions, several months after they occurred.  There is no allegation that he was involved in any seizure of the motorcycle or any transfer of title to Defendants Beltran or Santa Fe Tow at the time such seizure or transfer occurred.  There is also no allegation that he was responsible for providing Plaintiffs with notice and an opportunity to respond to the seizure or transfer of title, or that he denied them an opportunity to respond.  Rather, Plaintiffs simply express disagreement with the conclusions stated in Defendant Wood's report.  They claim that the conclusions in his report deprived them of their property rights by causing "substantial delay in the resolution of Plaintiffs' case as well as causing the Plaintiffs' considerable time and expenses incurred in seeking relief from the parties involved."  [*Compl.* ¶ 57.]

The Court cannot reasonably infer from these allegations that Defendant Wood violated any clearly established right of Defendants under the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause.  As Defendant Wood was not involved in the actual seizure or transfer of title, Plaintiffs' claims are more akin to those alleging that a state official failed to take action to protect them from harm caused by a third party.

The circumstances under which the Fourteenth Amendment requires an individual police officer or other state official to arrest a person or take other protective action based on a third party's suspicions of unlawful activity are very limited.  "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."  DeShaney v. Winnebago County Dep't

of Soc. Serv., 489 U.S. 189, 195 (1989). "If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." Id. at 196; see Gonzales v. City of Castle Rock, 307 F.3d 1258, 1262-63 (10th Cir. 2002). Plaintiffs assert no valid exception to this rule, and there is no clearly established law which provides a basis for waiving Defendant Wood's qualified immunity under such an exception in this case.

There are limited circumstances in which a police officer's failure to conduct an arrest mandated by a state statute can give rise to a procedural due-process violation. See, e.g., Gonzales, 307 F.3d at 1266 (enforcement of restraining order in domestic relations proceeding where probable cause exists). Those circumstances are not present here, however, because the allegations in Plaintiff's *Complaint* do not involve the type of mandatory statute at issue in Gonzales, and Plaintiff alleges no valid, underlying order from a state court that would require Defendant Wood to take the kind of action requested by Plaintiffs in this instance or create a statutory entitlement to such action. There is no clearly established law requiring Defendant Wood to act in the manner requested by Plaintiffs under these circumstances. Thus, he is entitled to qualified immunity with respect to Plaintiffs' federal civil-rights claims.

Defendant Wood also moves to dismiss Plaintiffs' tort claims based on the doctrine of sovereign immunity and the provisions of the NMTCA. As indicated above, the allegations in Plaintiffs' *Complaint* do not support a reasonable inference that Defendant

-11-

Wood's principal duties fall within the NMTCA's definition of a "law enforcement officer," and therefore his acts or omissions do not fall within the waiver of sovereign immunity provided in Section 41-4-12 of the NMTCA.  See N.M. Stat. Ann. § 41-4-3(D); Dunn, 116 N.M. at 4, 859 P.2d at 472.  Neither Plaintiffs' *Complaint* nor their response to Defendant Wood's motion identify any other provision of the NMTCA which could be reasonably construed as providing a waiver of sovereign immunity for the acts or omissions alleged here.  Accordingly, Defendant Wood's motion to dismiss is granted.  Defendants Wood, New Mexico Motor Vehicle Division, and the State of New Mexico are dismissed from this action.

### E.     Status of Defendants Beltran, Santa Fe Tow, and MVD Specialists

As a result of the above rulings, the only remaining Defendants in this action are Armando Beltran d/b/a Santa Fe Tow, and MVD Specialists, Inc.  Defendant MVD Specialists, Inc. has filed a *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) for Failure to Join Household Bank and Motion to Dismiss Ana Washburn as a Party Pursuant to Fed. R. Civ. P. 17(a) or, in the Alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).*  [Doc. No. 3]  In addition, Plaintiffs have filed a *Motion for Order by Court of Dismissal of Actions with Independent Adjudication of Praecipe Default of Armando Beltran and Santa Fe Tow.*  [Doc. No. 45.]

The Court is unable to ascertain Plaintiffs' current intentions from their motion or their response to Defendant MVD Specialists' motion.  In particular, it is not clear to the Court whether Plaintiffs now wish this action to be voluntarily dismissed as to the remaining

Defendants pursuant to Fed. R. Civ. P. 41, or whether they wish to proceed with their claims against the remaining Defendants by amending their *Complaint* to add allegations regarding the respective property interests, if any, of Plaintiff Ana Washburn and/or Household Bank.

In order to allow Plaintiffs to clarify their position, the Court will allow Plaintiffs until no later than the close of business on Monday, November 29, 2004, to file and serve an amended complaint that addresses the respective property interests, if any, of Plaintiffs Ana Washburn and Household Bank, and otherwise complies with the rulings stated in this *Memorandum Opinion and Order*. In this regard, the Court advises the parties that it would facilitate resolution of this matter if their pleadings or motion papers included copies of any certificates of title, liens, or other documents that show their respective property interests in the motorcycle, or that show any transfer of such property interests that they allege to be unlawful or erroneous.

If no amended complaint is filed and served by the close of business on Monday, November 29, 2004, this action will be dismissed without prejudice as to the remaining defendants (Armando Beltran, Santa Fe Tow, and MVD Specialists, Inc.) pursuant to Fed. R. Civ. P. 41. The Court defers ruling on Plaintiffs' *Motion for Order by Court of Dismissal of Actions with Independent Adjudication of Praecipe Default of Armando Beltran and Santa Fe Tow* [Doc. No. 45] until after the November 29 deadline noted above.

The Court further determines that Defendant MVD Specialists' motions pursuant to Fed. R. Civ. P. 12(b)(7), 12(e), and 17 are premature at this stage of the litigation given the lack of clarity with regard to Plaintiffs' position on the issues noted above. Therefore,

Defendant MVD Specialists' motions will be denied without prejudice at this juncture. MVD Specialists will be afforded the opportunity to refile its motions in the event that Plaintiffs elect to file an amended complaint within the time period specified above.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' claims against Defendants Doug Wood, New Mexico Motor Vehicle Division, and the State of New Mexico are dismissed with prejudice. The Court defers ruling as to the status of the remaining Defendants (Armando Beltran d/b/a Santa Fe Tow and MVD Specialists) until after Plaintiffs have been afforded an opportunity to file an amended complaint against these Defendants.

**IT IS, THEREFORE, ORDERED** that *Defendant MVD Specialists, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7) for Failure to Join Household Bank and Motion to Dismiss Ana Washburn as a Party Pursuant to Fed. R. Civ. P. 17(a) or, in the Alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)* [Doc. No. 3] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the *Motion to Dismiss Defendant Doug Wood Based on Qualified Immunity* [Doc. No. 4] is **GRANTED** and Plaintiffs' claims against Defendant Wood are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that the *Motion to Dismiss the State Defendants* [Doc. No. 6] is **GRANTED** and Plaintiffs' claims against Defendants New Mexico Motor Vehicle Division and Santa Fe Tow are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' *Motion for Default Judgment - Armando Beltran and Santa Fe Tow* [Doc. No. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' *Motion for Summary Remand Per 28 U.S.C. § 1441(b)(2/4) and for Determination of Damages* [Doc. No. 30] is **DENIED**.

**IT IS FURTHER ORDERED** that *Defendants' Joint Motion for Order Requiring Plaintiffs' Counsel, Dennis Banning, to Affirmatively Represent Plaintiffs, Motion to Strike Pleadings filed by Pro Se Plaintiffs, Motion for Extension of Time to Respond to Pending Pleadings filed by Pro Se Plaintiffs, and Motion for Additional Time to Comply with Court's Scheduling Order Until the Court Rules on These Motions* [Doc. No. 34] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' are granted leave to file an amended complaint by no later than Monday, November 29, 2004, that addresses the respective property interests, if any, of Plaintiff Ana Washburn and Household Bank, and that otherwise complies with the terms of this *Memorandum Opinion and Order*.

**IT IS FURTHER ORDERED** that if no amended complaint is filed by Monday, November 29, 2004, this action will be dismissed without prejudice as to the remaining Defendants (Armando Beltran d/b/a Santa Fe Tow and MVD Specialists, Inc.).

**SO ORDERED**, this 8th day of November, 2004, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge