**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ANA WASHBURN** and
**DAVID WASHBURN**,

       Plaintiffs,

    vs.                                No. **CIV 04-807 MCA/RHS**

**ARMANDO BELTRAN** d/b/a Santa Fe Tow,
a sole proprietorship, **SANTA FE TOW**, and
**MVD SPECIALISTS, INC.,** individually and as
agent for the State of New Mexico,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Court's *sua sponte* inquiry regarding

Plaintiffs' compliance with prior orders [Doc. No. 52, 56, 60, 62] setting the deadline for

filing an amended pleading, and the following motions:  (1) Plaintiffs' *Motion for Order by*

*Court of Dismissal of Actions with Independent Adjudication of Praecipe Default of*

*Armando Beltran and Santa Fe Tow* [Doc. No. 45] filed on October 1, 2004; (2) *Defendant*

*MVD Specialists, Inc.'s Motion to Dismiss Cross-Claim for Failure to State a Claim* [Doc.

No. 51] filed on October 28, 2004; and (3) *Plaintiffs' Motion for Clarification of Order and*

*Extension of Filing Deadline* [Doc. No. 64] filed on January 21, 2005.  Having reviewed the

parties' submissions, the relevant law, and otherwise being fully advised in the premises, the

Court denies Plaintiffs' motion to extend the deadline for filing an amended pleading, grants in part Plaintiffs' motion for voluntary dismissal of this action, and dismisses this action without prejudice as to Defendants Armando Beltran, Santa Fe Tow, and MVD Specialists, Inc. for the reasons set forth below.  Armando Beltran's cross claim against MVD Specialists, Inc. is also dismissed without prejudice for lack of subject-matter jurisdiction.

I.      **BACKGROUND**

On June 16, 2004, Plaintiffs filed a civil action against Defendants in the Second Judicial District Court for the County of Bernalillo, State of New Mexico.  On July 16, 2004, Defendants removed this action to the United States District Court for the District of New Mexico on the grounds that Count VII of Plaintiffs' *Complaint* asserts a federal question under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Count VII of the *Complaint* alleges that Plaintiffs' constitutional rights to procedural due process and freedom from unreasonable seizures were violated when Defendants Armando Beltran, Santa Fe Tow, and MVD Specialists, Inc. transferred title to Plaintiffs' motorcycle after Plaintiff David Washburn was involved in a traffic accident near the intersection of Menaul and Adams streets in Albuquerque, New Mexico, on or about September 24, 2002.   [Doc. No. 1.]  None of the other counts in Plaintiffs' *Complaint* provide an independent basis for this Court to exercise subject-matter jurisdiction over this action.

On July 22, 2004, Defendant MVD Specialists, Inc. filed a motion to dismiss, or in the alternative, for a more definite statement, on the grounds that Plaintiffs' *Complaint* failed

to allege the property interests of Plaintiff Ana Washburn and Household Bank with respect to the motorcycle at issue.  Before that motion was fully briefed, Plaintiffs' counsel moved to withdraw, and Plaintiffs began a series of *pro se* filings and correspondence containing numerous *ad hominem* attacks on opposing counsel.  [Doc. No. 8, 9, 11, 2, 13, 14, 15, 16, 30, 31, 36.]  Among these *pro se* filings was a motion requesting, among other things, that "the Court enter an Order for Dismissal of this Action without prejudice."  [Doc. No. 45.]

I addressed Defendant MVD Specialists, Inc.'s motion and several of Plaintiffs' *pro se* filings in a *Memorandum Opinion and Order* [Doc. No. 52] filed on November 8, 2004.[1] At that time, I could not discern from Plaintiffs' *pro se* filings "whether [they] now wish this action to be voluntarily dismissed as to the remaining Defendants pursuant to Fed. R. Civ. P. 41, or whether they wish to proceed with their claims against the remaining Defendants by amending their *Complaint* to add allegations regarding the respective property interests, if any, of Plaintiff Ana Washburn and/or Household Bank."  [Doc. No. 52, at 12-13.]  In order to resolve this question, and to provide the remaining Defendants with a more definite statement of Plaintiffs' claims and intentions with respect to this litigation, I provided Plaintiffs' with an opportunity to amend their pleading by no later than November 29, 2004, and advised them that this action would be dismissed without prejudice as to the remaining Defendants if no amended pleading was filed as of that date.  [Doc. No. 52, at 15.]

I also advised the parties that "it would facilitate resolution of this matter if their

---

[1]Plaintiffs' claims against Defendants Doug Wood, New Mexico Motor Vehicle Division, and the State of New Mexico were also dismissed with prejudice at that time.  [Doc. No. 52, 53.]

pleadings or motion papers included copies of any certificates of title, liens, or other documents that show their respective property interests in the motorcycle, or that show any transfer of such property interests that they allege to be unlawful or erroneous." [Doc. No. 52, at 13.] However, my advice on this subject did not require Plaintiffs to submit any such documentation with the amended pleading that was due to be filed by no later than November 29, 2004.

Plaintiffs did not file an amended pleading by the deadline of November 29, 2004. Instead, they filed a motion requesting, among other things, a ninety-day extension of the deadline for filing their amended pleading. [Doc. No. 54.] Based on their asserted need for additional time to gather documents, contact the lienholder (Household Bank), and make additional efforts to retain counsel, I granted Plaintiffs an extension until January 21, 2005, to file their amended pleading. [Doc. No. 56.] In the *Order* granting this extension, I also informed Plaintiffs that their practice of faxing correspondence to my chambers was inappropriate, and I advised them of the availability of rules and procedures for seeking leave to file documents under seal in the event they had concerns about the disclosure of certain materials to the public. [Doc. No. 56, at 2.] I did not, however, require that any pleadings or other materials be filed under seal.

On January 12, 2005, less than 10 calendar days before the deadline for filing their amended pleading, and without the concurrence of opposing counsel, Plaintiffs filed a motion for leave to file their amended pleading materials and exhibits under seal for *in camera*, *ex parte* review. [Doc. No. 57.] On January 19, 2005, I ruled on this motion, again

advising Plaintiffs of specific procedures to follow in filing materials under seal, but declining to allow *ex parte* filings in conjunction with the amended pleading that was due to be filed on January 21, 2005.  I further explained to Plaintiffs that:  "the purpose of the exhibits to Plaintiffs' amended pleading is simply to allow the Court and opposing counsel to better understand the allegations contained in that pleading and the nature of the property interests at stake in this action.  As one of the main purposes of such an amended pleading is to provide opposing parties with notice of the allegations against them, *ex parte* filings are not appropriate at this juncture."  [Doc. No. 60, at 2.]

Plaintiffs did not file an amended pleading by the extended deadline of January 21, 2005.  Instead, they filed another motion without the concurrence of opposing counsel on January 21, 2005, asking the Court to extend that deadline and to reconsider the earlier ruling which disallowed *ex parte* filings at that time.  [Doc. No. 61.]  On January 25, 2005, I granted Plaintiff's a second extension of time until no later than January 31, 2005, based on their claim that they did not receive the Court's *Order* [Doc. No. 60] containing instructions for the filing of sealed exhibits until the previous deadline of January 21, 2005, and needed additional time to prepare their amended pleading materials for filing in accordance with the Court's instructions.  [Doc. No. 62.]  I denied Plaintiff's motion, however, with respect to reconsideration of my earlier decision that *ex parte* filings are unwarranted at this juncture, noting that such *ex parte* filings in conjunction with Plaintiffs' amended pleading "would defeat the purposes of the system of notice pleading contemplated in the Federal Rules of Civil Procedure."  [Doc. No. 62, at 2.]  I also repeated my earlier warning that Plaintiffs'

failure to file an amended pleading by the new deadline of January 31, 2005, would result in the dismissal of this action without prejudice as to all remaining parties. [Doc. No. 62, at 1.]

Despite this warning, Plaintiffs did not file an amended pleading by the second extended deadline of January 31, 2005. Instead, they filed a motion without the concurrence of opposing counsel on January 27, 2005, [Doc. No. 64] seeking an additional 30-day extension of time for filing their amended pleading. In their motion, Plaintiffs acknowledge timely receipt of the Court's *Order* [Doc. No. 62] of January 25, 2005, but they express disagreement with the Court's prior rulings on the issue of *ex parte* filings and engage in further *ad hominem* attacks on opposing counsel.

## II.   ANALYSIS

I first address Plaintiffs' most recent motion to extend the deadline for filing an amended pleading for an additional thirty days. I note that this motion was filed and entered on the Court's docket on the eve of the existing deadline of January 31, 2005, and does not indicate that a concurrence or response from opposing counsel was sought. This fact alone provides grounds for denying the motion under D.N.M. LR-Civ. 7.4(a).

Requests to extend or modify a scheduling order require "a showing of good cause." Fed. R. Civ. P. 16(b); see Corkrey v. IRS, 192 F.R.D. 66, 67 (N.D.N.Y. 2000) (collecting cases). The fact that Plaintiffs did not file their motion until the deadline was about to expire, such that the Court was not able to obtain a response from opposing counsel and issue a ruling before the deadline expired, does not constitute "good cause" for extending the

deadline.  Rather, "good cause requires the party seeking relief to show that the deadlines

cannot reasonably be met despite the diligence of the party needing the extension."  Corkrey,

192 F.R.D. at 67 (citations and internal quotation marks omitted).

In this case, Plaintiffs' most recent motion does not show good cause as to why

additional time is needed in order to file an amended pleading consistent with the Court's

prior orders.  Plaintiffs have known of the conditions under which they would need to file

an amended pleading since November 2004, and they were granted a lengthy extension of

time until January 21, 2005, to file such a pleading.  They were granted a second extension

of time until January 31, 2005, in order to prepare certain materials for filing under seal even

though there was no requirement that any materials be attached to the amended pleading or

filed under seal in conjunction with that pleading.  Plaintiffs' most recent motion does not

allege any new, previously unforeseen grounds for finding that the January 31 deadline could

not reasonably be met with the exercise of due diligence.  Instead, this motion simply

expresses disagreement with the Court's prior rulings and asks for reconsideration in a

manner that duplicates Plaintiffs' previous motions.  The fact that Plaintiffs disagree with my

prior rulings, and that they want to keep arguing about the alleged need for *ex parte* filings,

does not provide grounds for concluding that they are unable to meet the January 31 deadline

for filing an amended pleading.

Plaintiffs' allegations that additional time is needed to file an amended pleading

containing *ex parte* submissions based on the existence of a criminal investigation also does

not provide good cause for delaying this litigation any further.  Under our system of

government, individuals are presumed innocent of criminal charges until proven guilty

beyond a reasonable doubt, and the criminal statutes to which Plaintiffs allude do not provide

them with any basis on which to prosecute the Defendants in a private civil action.  See Diaz

v. Second Jud. Dist. Ct., Civ. No. 00-577 JC/RLP (D.N.M. Dec. 7, 2000) (citing Powers v.

Karen, 768 F. Supp. 46, 51 (E.D.N.Y. 1991), aff'd 963 F.2d 1522 (2d Cir. 1992)).  As

Plaintiffs are not law enforcement officials, the alleged existence of a criminal investigation

also does not provide them with any special authority to engage in *ex parte* proceedings.

Even in criminal proceedings brought by the Government, "*ex parte* communications

between the trial court and the prosecution . . . are to be greatly discouraged and should be

permitted only in very limited circumstances."  United States v. Napue, 834 F.2d 1311, 1316

(7th Cir. 1988).

        For all of the above reasons, I find that no further extension of the deadline for filing

an amended pleading is warranted.  Plaintiffs' most recent iteration of their motion to extend

the deadline for filing an amended pleading beyond January 31, 2005, or to file amended

pleading materials *ex parte* without service on counsel for the remaining Defendants, is

denied.

        I next address the appropriate disposition of this matter given Plaintiffs' decision not

to file an amended pleading by the deadline of January 31, 2005.  Under Fed. R. Civ. P.

41(a), Plaintiffs may voluntarily dismiss this action without prejudice as to the remaining

Defendants, provided that they obtain leave of the Court in the event that such voluntary

dismissal is not stipulated or does not occur prior to the filing of an answer or motion for

summary judgment.  In the *Memorandum Opinion and Order* [Doc. No. 52] filed on

November 8, 2004, I indicated to Plaintiffs that their *Motion for Order by Court of Dismissal*

*of Actions with Independent Adjudication of Praecipe Default of Armando Beltran and Santa*

*Fe Tow* [Doc. No. 45] would be construed as a request for voluntary dismissal without

prejudice unless they filed an amended pleading by the deadline stated therein.  Although the

deadline was subsequently extended on two occasions, it has now expired without the filing

of an amended pleading, and Plaintiffs have not withdrawn their earlier motion.

Accordingly, I construe Plaintiffs' earlier motion [Doc. No. 45] as a request for voluntary

dismissal under Fed. R. Civ. P. 41(a), and I grant that motion in part by dismissing this action

without prejudice as to the remaining Defendants (Armando Beltran, Santa Fe Tow, and

MVD Specialists, Inc.).  Plaintiffs' *Motion for Order by Court of Dismissal of Actions with*

*Independent Adjudication of Praecipe Default of Armando Beltran and Santa Fe Tow* [Doc.

No. 45] is denied in part insofar as it requests any relief other than a voluntary dismissal

under Fed. R. Civ. P. 41(a).

In the alternative, I also find that Plaintiffs have engaged in sanctionable conduct that

warrants involuntary dismissal of this action without prejudice as to the remaining

Defendants.  Fed. R. Civ. P. 41(b) provides for such involuntary dismissal "[f]or failure of

the plaintiff to prosecute or to comply with these rules or any order of court."   More

specifically, Fed. R. Civ. P. 16(f) and 37(b)(2)(C) provide that the Court may impose

sanctions on such terms as are just, including "striking out pleadings" or "dismissing the

action," if a party "fails to obey a scheduling or pretrial order."   "A court also has an

'inherent power' to 'levy sanctions in response to abusive litigation practices.'" Jones v.

Thompson, 996 F.2d 261, 264-66 (10th Cir. 1993) (quoting Roadway Express, Inc. v. Piper,

447 U.S. 752, 765 (1980)).

With respect to involuntary dismissals under the above authorities, the Tenth Circuit

has stated that:

> Before choosing dismissal as a just sanction, a court should ordinarily consider
> a number of factors, including (1) the degree of actual prejudice to the
> defendant; (2) the amount of interference with the judicial process; . . . (3) the
> culpability of the litigant; (4) whether the court warned the party in advance
> that dismissal of the action would be a likely sanction for noncompliance; and
> (5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (citations and internal quotation

marks omitted); accord Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002); Jones,

996 F.2d at 264.  In this case, I find that these factors weigh in favor of dismissing this action

without prejudice as to the remaining parties.

Turning to the first of the Ehrenhaus factors, I find that the remaining Defendants in

this action are prejudiced by Plaintiffs' repeated delays and *pro se* filings.  Due to Plaintiffs'

failure to file a timely amended pleading that clarifies the status of their previous *pro se*

filings and provides a more definite statement of their claims (including their respective

property interests in the motorcycle at issue here), these Defendants are deprived of a fair

opportunity to respond to Plaintiffs' allegations and expedite the disposition of this case in

the manner contemplated by Fed. R. Civ. P. 16 and the Civil Justice Reform Act, 28 U.S.C.

§§ 471 to 482.  Plaintiffs further deprive Defendants of a fair opportunity to respond to their

contentions by repeatedly faxing correspondence directly to my chambers, and by attempting to engage in *ex parte* communications with the Court, as requested in their most recent motions.

Additionally, the remaining Defendants are prejudiced by the cost and delay occasioned by Plaintiffs' multiple motions which request further extensions of time, make *ad hominem* attacks on opposing counsel, and constantly revisit the same issues that have already been decided or dismissed as irrelevant in earlier rulings. While the Court notes the special treatment given to *pro se* litigants, see, e.g., Ehrenhaus, 965 F.2d at 920 n.3, I must also consider the significant burden this special treatment places on the other litigants who must devote their time and resources to responding to Plaintiffs' excessive and poorly-drafted *pro se* filings that impugn their reputations by accusing them of criminal behavior. See Ehrenhaus, 965 F.2d at 921 (noting district court's findings that the plaintiff's "actions prejudiced the defendants by causing delay and mounting attorney fees" and by making "serious and stigmatizing allegations" that damage "the reputation of those accused so long as the lawsuit remains pending"); Jones, 996 F.2d at 264 (finding that "the Plaintiffs have prejudiced the Defendants by causing delay and mounting attorney's fees"); West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990) (concluding that Defendants were prejudice by time and money expended in response to meritless motions). I find such considerations to be especially significant when, as here, the other litigants targeted by these *pro se* filings are private individuals or small businesses.

Under the second <u>Ehrenhaus</u> factor, I must consider the amount of interference with the judicial process that Plaintiffs have caused by their actions culminating in the failure to file an amended pleading by the deadline of January 31, 2005.  This factor weighs strongly in favor of dismissal because the manner in which Plaintiffs have failed to comply with the deadline for filing an amended pleading effectively subverts the procedure set forth in the *Memorandum Opinion and Order* [Doc. No. 52] filed on November 8, 2004.  Plaintiffs' repeated delays and failure to clarify the existing record in a timely manner also have interfered with the Court's ability to issue an *Initial Pretrial Report* with appropriate case-management deadlines necessary to move forward with the litigation. Further, Plaintiffs' excessive *pro se* filings and faxed correspondence have "consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1991).  Under these circumstances, the Court must preserve its ability to manage its docket "without being subject to endless vexatious noncompliance of litigants." <u>Id.</u>; <u>accord</u> <u>Jones</u>, 996 F.2d at 265; <u>Ehrenhaus</u>, 965 F.2d at 921.  The Court cannot effectively manage its docket when, as here, Plaintiffs repeatedly attempt to engage in *ex parte* communications with the Court, make *ad hominem* attacks on opposing counsel, and file motions for extensions of time on the eve of court-imposed deadlines, leaving insufficient time for an informed response by other parties.

The third factor to be considered is the culpability of the litigant.  While it is true that some of the conduct of *pro se* litigants may be attributed to ignorance of court procedures rather than intentional misconduct, in this case the Court has advised Plaintiffs of the

requisite procedures and granted extensions in order to allow them sufficient time to comply

with these procedures and obtain new counsel.  Cf. Ferdick, 963 F.2d at 1261 (concluding

that district court did not abuse its discretion in dismissing action after *pro se* plaintiff failed

to take advantage of court's guidance on how to proceed); Jones, 996 F.2d at 265 (similar).

Despite this advice, Plaintiffs persist in their *ad hominem* attacks, untimely filings, and

attempts to engage in *ex parte* communications.  Accordingly, I find that Plaintiffs' conduct

is sufficiently deliberate to support a finding of culpability. I also note that the Court is not

holding Plaintiffs to a more stringent standard than that applicable to litigants represented

by counsel who repeatedly cause delays or fail to comply with case-management deadlines.

See, e.g., Gripe, 312 F.3d at 1188-89.

        Under the fourth Ehrenhaus factor, I consider it significant that Plaintiffs have been

repeatedly warned of the consequences of their failure to comply with the deadlines imposed

by the Court.  [Doc. No. 52, at 13; 15; Doc. No. 62, at 1.]  In addition, they have been

granted extensions of time in order to achieve compliance with the Court's prior rulings, all

to no avail.  [Doc. No. 56, 60, 62.]  Accordingly, this factor also weighs in favor of

dismissal.  See Ehrenhaus, 965 F.2d at 921; Jones, 996 F.2d at 265.

        Finally, the Court considers the efficacy of lesser sanctions.  I find that requiring

Plaintiffs to pay the remaining Defendants' attorney fees or some other monetary award

would not be a "lesser sanction" in this case because there is no basis in the record to

conclude that these *pro se* Plaintiffs would have the ability to pay such an award.  Cf.

Hornbuckle v. Arco Oil & Gas Co., 732 F.2d 1233, 1237 (5th Cir. 1984) (noting that

-13-

monetary award was not necessarily a lesser sanction than dismissal when record did not show that plaintiff could pay the monetary sanction in order to avoid dismissal), appeal after remand, 770 F.2d 1321 (5th Cir. 1985).   In addition, simply denying Plaintiffs the opportunity to amend their pleading and proceeding under the existing record would not amount to a lesser sanction because, as noted above, the Court concludes that the existing record results in a voluntary dismissal without prejudice, as requested in one of Plaintiffs' earlier motions.  [Doc. No. 45, 52.]

The sanction of dismissal *without* prejudice that I impose here is, of course, less severe than the ultimate sanction of dismissal *with* prejudice.  Cf. Styskal v. Weld County Bd. of County Comm'rs, 365 F.3d 855, 858-59 (10th Cir. 2004) (discussing the meaning of "dismissal without prejudice").   I consider dismissal without prejudice to be a more appropriate sanction in this case as it does not constitute an adjudication on the merits with respect to Defendants Armando Beltran, Santa Fe Tow, and MVD Specialists, Inc. and would not necessarily preclude Plaintiffs from refiling an action against these remaining Defendants at a later date so long as they did so before the statute of limitations period expires.  The Defendants would, of course, retain their right to reassert their defenses and seek dismissal of any subsequently filed action, especially if the sanctionable conduct identified in this case were repeated.  For all of the above reasons, I conclude that dismissal of this action without prejudice as to the remaining Defendants is appropriate at this juncture.

Having dismissed all of Plaintiffs' claims, including the federal civil-rights claim under 42 U.S.C. § 1983, there is no independent basis for this Court to exercise subject-

matter jurisdiction over Defendant Armando Beltran's cross-claim against Defendant MVD Specialists, Inc.  Applying the factors articulated in <u>Anglemyer v. Hamilton County Hosp.</u>, 58 F.3d 533, 541 (10th Cir. 1995), I elect not to exercise supplemental jurisdiction over this crossclaim.   Accordingly, Defendant Beltran's cross-claim is also dismissed without prejudice at this time, and Defendant MVD Specialists, Inc.'s motion to dismiss that cross-claim with prejudice is denied as moot.

## III.    CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice as to the remaining Defendants (Armando Beltran, Santa Fe Tow, and MVD Specialists, Inc.), and Defendant Armando Beltran's cross-claim against Defendant MVD Specialists, Inc. is also dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion for Order by Court of Dismissal of Actions with Independent Adjudication of Praecipe Default of Armando Beltran and Santa Fe Tow* [Doc. No. 45] is **GRANTED IN PART** with respect to the dismissal without prejudice of Plaintiffs' claims against Defendants Armando Beltran, Santa Fe Tow, and MVD Specialists, Inc.

**IT IS FURTHER ORDERED** that Plaintiffs' *Motion for Order by Court of Dismissal of Actions with Independent Adjudication of Praecipe Default of Armando Beltran and Santa Fe Tow* [Doc. No. 45] is **DENIED IN PART** with respect to all other relief requested therein except for the dismissal without prejudice noted above.

**IT IS FURTHER ORDERED** that *Defendant MVD Specialists, Inc.'s Motion to Dismiss Cross-Claim for Failure to State a Claim* [Doc. No. 51] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that *Plaintiffs' Motion for Clarification of Order and Extension of Filing Deadline* [Doc. No. 64] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** as to Plaintiffs' claims against Defendants Armando Beltran, Santa Fe Tow, and MVD Specialists, Inc.

**IT IS FURTHER ORDERED** that Defendant Armando Beltran's Crossclaim against Defendant MVD Specialists, Inc. [Doc. No. 19] is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED**, this 3rd day of February, 2005, in Albuquerque, New Mexico.

 

_____

**M. CHRISTINA ARMIJO**
United States District Judge